**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OMAR CABRERA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RON GOODWIN, PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　Respondents. | Case No.　1:20-cv-01738-HBK<br><br>ORDER TO SHOW CAUSE WHY PETITIONER'S MOTION TO STAY SHOULD NOT BE DENIED<br><br>RESPONSE DUE IN THIRTY DAYS<br><br>(Doc. No. 3) |

Petitioner Omar Cabrera, a state prisoner proceeding with counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). Before the court is petitioner's motion for a stay and abeyance under *Rhines*. (Doc. No. 3); *Rhines v. Weber*, 544 U.S. 269 (2005). The court ordered respondents to respond to the motion to stay (Doc. No. 4), and respondents filed a notice of non-opposition to petitioner's motion to stay. (Doc. No. 6). However, because petitioner has failed to demonstrate that he meets the requirements of *Rhines*, the court will provide him with notice of his options for how this case may proceed and order him to show cause why his motion to stay should not be denied.

## I. BACKGROUND

Petitioner makes both exhausted and unexhausted claims for relief. (*See generally* Doc. No. 1). Petitioner makes the following exhausted claims: (1) the trial court erred in finding a race-neutral explanation for the prosecution's use of a preemptive strike during jury selection; (2) the trial court erred when it admitted certain prejudicial evidence; and (3) there was insufficient evidence to support the jury's finding on the "one strike" sentencing enhancement. (See Doc. No. 1 at 2-3). Petitioner seeks to exhaust the following unexhausted claims before the state courts: (1) he received ineffective assistance of trial and appellate counsel; (2) the trial court imposed excessive fines and fees; and (3) the trial court erred when it denied petitioner's motion to substitute counsel. (Doc. No. 3 at 2-3).

## II. APPLICABLE LAW AND ANALYSIS

### a. *Rhines* Stay

Staying a federal habeas petition "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. Therefore, a "stay and abeyance should be available only in limited circumstances." *Id*. Under *Rhines*, a stay and abeyance is available only where: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277-78.

"There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust." *Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014). Although good cause under *Rhines* does not require a showing of "extraordinary circumstances," *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005), "unspecific, unsupported excuses for failing to exhaust—such as unjustified ignorance—[do] not satisfy the good cause requirement," *Blake*, 745 F.3d at 981. Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" his failure to exhaust his claims. *Id*. at 982. "An assertion of good cause

without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." *Id*. Sister courts within our circuit have required, at a minimum, a showing of some "circumstance over which [a petitioner] had little or no control" that prevented him from asserting the unexhausted claim in state court. *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1211 (E.D. Nev. 2006); *see Hernandez v. Sullivan*, 397 F. Supp. 2d 1205, 1207 (C.D. Cal. 2005) (adopting the "good cause" standard of procedural defaults in which "a petitioner ordinarily must show that the default resulted from an objective factor external to the petitioner which cannot fairly be attributed to him").

Here, petitioner has not addressed the good cause requirement of *Rhines* in his motion to stay. (*See generally* Doc. No. 3). Without an explanation for petitioner's delay in exhaustion, the court has no grounds to grant petitioner's motion to stay under *Rhines*. Further, petitioner has failed to address the other two prongs of *Rhines*—whether the unexhausted claims are not plainly meritless and whether petitioner engaged in dilatory litigation tactics. If petitioner wishes to proceed with a stay under *Rhines*, he must address all three prongs of *Rhines* in his response to this order to show cause.[1]

b. *Kelly* Stay

An alternative procedure for staying a case exists in the Ninth Circuit—the *Kelly* stay. *See Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2002). Under *Kelly*, a case moves through three stages: first, the petitioner amends his petition to delete any unexhausted claims; second, the court, in its discretion, stays the amended, fully-exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and third, once the deleted claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition, adding the newly-exhausted claims. *See Kelly*, 315 F.3d at 1070-71 (citing *Calderon v. U.S. Dist. Court (Taylor)*, 134 F.3d 981, 986 (9th Cir. 1998)).

However, under *Kelly*, a petitioner is only be able to amend his petition with his newly exhausted claim if that claim is "timely" when amendment is sought. *See King v. Ryan*, 564 F.3d

---

[1] The court notes that petitioner's second unexhausted claim—that the trial court imposed excessive fines and fees—is not cognizable on habeas review. *See Bailey v. Hill*, 599 F.3d 976, 981 (9th Cir. 2010).

1133, 1140-41 (9th Cir. 2009). Unlike filing an application for state habeas relief, filing a federal habeas claim does not toll AEDPA's statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001). To be timely, a claim must either (1) meet AEDPA's statute of limitations requirements, *see* 28 U.S.C. § 2244(d)[2] or (2) "relate back" to claims contained in the original petition that were exhausted at the time of filing. *See King*, 564 F.3d at 1143; *Mayle v. Felix*, 545 U.S. 644, 664 (2005). A claim that simply arises from "the same trial, conviction, or sentence" does not necessarily relate back to the initial claims. *See Mayle*, 545 at U.S. 659. To "relate back," the new claim must share a "common core of operative facts" with the claims in the pending petition. *Id*.

By this court's calculation, petitioner had over four months left in his AEDPA limitations period when he filed his state habeas petition seeking review of the unexhausted claims, thus tolling the federal limitations period. Accordingly, it is possible that petitioner would be able to take advantage of a stay under *Kelly* by dismissing his unexhausted claims now, exhausting his claims at the state level, and returning to federal court within the remaining period of the AEDPA limitations period after the state court renders its decision on petitioner's unexhausted claims and seeking to amend his petition with the now fully exhausted claims. Failing to amend the petition to include these now exhausted claimed within the remaining period left on the AEDPA timeline could prove fatal to these claims if the newly exhausted claims do not relate back to his original claims. Upon a cursory review, it appears that the unexhausted new claims do not appear to share a common core of operative facts with the original claims, as required by *Kelly*. Thus, petitioner would need to amend his petition with the newly exhausted claims within the remaining time left on the AEDPA clock, which would restart after these claims are fully exhausted in the state courts.

---

[2] Generally, federal habeas claims are timely when filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

c. Dismissal of Unexhausted Claims

In the alternative, petitioner may choose to dismiss his unexhausted claims, proceeding with his exhausted claims only. Absent any other procedural bars, this route will ensure that at least some of petitioner's claims are considered by this court.

d. Voluntary Dismissal of Petition

Finally, petitioner may voluntarily dismiss his entire petition and refile the entire petition once all his claims are exhausted. As noted above, the AEDPA period within which petition must file his federal habeas petition is not yet expired and became tolled when petitioner filed his state habeas petition raising the unexhausted claims, assuming the state habeas petition was deemed properly filed at the state court level. Thus, petitioner has over four months remaining in the AEDPA limitations clock, which will not restart until the last state court renders it final decision on the exhausted claims. Further, the new filing would not be considered second or successive. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000).

Accordingly, it is ORDERED:

Within thirty days of the date of service of this order, petitioner is ordered to inform the court whether he wishes to proceed under *Rhines* or under *Kelly*, or whether he wishes to voluntarily dismiss his unexhausted claims or his entire petition without prejudice to refiling once his claims are exhausted. If petitioner wishes to proceed with a stay under *Rhines*, he must show cause why such a stay should not be denied.

IT IS SO ORDERED.

Dated:  March 23, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5