UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR CABRERA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RON GOODWIN, PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　Respondent. | Case No. 1:20-cv-01738-HBK<br><br>ORDER GRANTING PETITIONER'S MOTION TO STAY<br><br>(Doc. No. 3) |

Petitioner Omar Cabrera, a state prisoner proceeding with counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2017 sentence and conviction entered by the Superior Court of Kings County. (Doc. No. 1). Before the court is Petitioner's motion for a stay and abeyance under *Rhines*. (Doc. No. 3); *Rhines v. Weber*, 544 U.S. 269 (2005). The court ordered Respondents to respond to the motion to stay (Doc. No. 4), and Respondents filed a notice of non-opposition to Petitioner's motion to stay. (Doc. No. 6). However, because Petitioner failed to address the requirements of *Rhines* in his motion, the court ordered him to show cause why his motion to stay should not be denied. (Doc. No. 7). On April 23, 2021, Petitioner responded to the order to show cause. (Doc. No. 8). For the reasons stated below, the court discharges its order to show cause and grants Petitioner's motion to stay the case.

## I. BACKGROUND

Petitioner concedes his petition contains both exhausted and unexhausted claims for relief. (*See generally* Doc. Nos. 1, 3). Petitioner advances the following exhausted grounds for relief: (1) the trial court erred in finding a race-neutral explanation for the prosecution's use of a preemptive strike during jury selection; (2) the trial court erred when it admitted certain prejudicial evidence; and (3) there was insufficient evidence to support the jury's finding on the "one strike" sentencing enhancement. (*See* Doc. No. 1 at 2-3). Petitioner requests a stay in order to exhaust the following unexhausted claims before the state courts: (1) petitioner/defendant received ineffective assistance of trial and appellate counsel; (2) the trial court imposed excessive fines and fees; and (3) the trial court erred when it denied petitioner/defendant's motion to substitute counsel. (Doc. No. 3 at 2-3).

## II. APPLICABLE LAW AND ANALYSIS

Staying a federal habeas petition "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. Therefore, a "stay and abeyance should be available only in limited circumstances." *Id*. Under *Rhines*, a stay and abeyance is available only where: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277-78.

### a. Good Cause

"There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust." *Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014). Although good cause under *Rhines* does not require a showing of "extraordinary circumstances," *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005), "unspecific, unsupported excuses for failing to exhaust—such as unjustified ignorance—[do] not satisfy the good cause requirement," *Blake*, 745 F.3d at 981. Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" his failure to exhaust his claims. *Id*. at 982. The ineffective assistance of post-

2

conviction counsel can constitute good cause to excuse a habeas petitioner's failure to exhaust his claims before the state courts. *Id*. at 982-84; *see also Dixon v. Baker*, 847 F.3d 714, 721-22 (9th Cir. 2017) (noting that a denial of a motion to stay is unwarranted where a petitioner "alleges a plausible claim that his post-conviction counsel was ineffective).

Here, Petitioner cites as "good cause" his position that he had ineffective assistance of appellate counsel. (Doc. No. 8 at 2). Thus, petitioner's ineffective assistance of appellate counsel claim could not have been made on direct review—but rather had to be made later, through a state court habeas claim. (*Id*.). Petitioner also claims that his "unexhausted claims were made [to the state courts] as expeditiously as possible under the circumstances." (*Id*.).

In light of Petitioner's claims regarding his ineffective post-conviction counsel and his expeditious filing of his unexhausted claims before the state court, the court finds that there is good cause to grant Petitioner a stay. Further, the court notes that such a stay will likely be for a short period of time because Petitioner is currently seeking review of his claims before the California Supreme Court, meaning Petitioner has taken the final step necessary to exhaust his claims. *See Cabrera (Omar) on H.C.*, No. S268704 (Cal. May 10, 2021). Finally, the court notes that Respondents do not oppose Petitioner's motion.

### b. Merit of Claims

"A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under *Rhines*." *Dixon*, 847 F.3d at 722. "In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" *Id*. (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005).

Petitioner claims trial and appellate counsel were ineffective, that the trial court imposed an excessive fine, and that the trial court erred when it denied Petitioner's motion to substitute counsel. Although Petitioner's claim regarding the excessive fine appears to be without merit for federal habeas purposes, his claims of ineffective assistance of counsel and trial court error raise constitutional issues related to Petitioner's Sixth Amendment right to counsel. *See Bailey v. Hill*,

3

599 F.3d 976, 981 (9th Cir. 2010) ("§ 2254(a) does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence"); *Strickland v. Washington*, 466 U.S. 668 (1984) (establishing standard for Sixth Amendment right to counsel). Accordingly, Petitioner has identified at least one claim that does not appear plainly meritless.

### c. Dilatory Litigation Tactics

There is no evidence that Petitioner engaged in dilatory litigation tactics or intentional delay. On the contrary, it appears Petitioner pursued his rights diligently by expeditiously filing his state habeas petitions and filing a protective federal petition.

Accordingly, it is ORDERED:

1. Petitioner's motion to stay (Doc. No. 3) is **GRANTED**.
2. Petitioner is directed to pursue state court exhaustion without delay.
3. Petitioner is directed to file a motion to lift the stay within 30 days of the California Supreme Court issuing a final order resolving Petitioner's unexhausted claims.

IT IS SO ORDERED.

Dated:   May 26, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE