UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR CABRERA,<br><br>            Petitioner,<br><br>     v.<br><br>RON GODWIN,<br><br>            Respondent. | Case No.  1:20-cv-01738-ADA-HBK (HC)<br><br>ORDER FINDING RESPONDENT'S MOTION TO DISMISS MOOT<br><br>(Doc. No. 15) |

      Petitioner Omar Cabrera, a state prisoner proceeding with counsel, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. No. 1).  On May 27, 2021, Petitioner was granted a motion to stay so that he could exhaust his unexhausted claims before the California Supreme Court.  (Doc. No. 9).  On September 13, 2021 the stay was lifted and Respondent was directed to respond to the petition.  (Doc. No. 12).

      On November 12, 2021, Respondent filed a motion to dismiss the amended petition as a "mixed petition." (Doc. No. 15).  Respondent contends the petition qualifies as a "mixed petition" because Petitioner did not present his second ground for relief, namely, that the introduction to the jury of a photograph of him with the victim when she was a baby was prejudicial, to the California Supreme Court.  (*Id.* at 3).  Respondent also argues that the sixth ground for relief in the petition, concerning the state court's imposition of fines and fees without a

hearing on whether Petitioner had the ability to pay, does not raise a federal question and should be dismissed.  (*Id*. at 3-4).  On November 30, 2022, the Court entered an order to show cause why the amended petition should not be dismissed as a mixed petition because it contains an unexhausted claim for relief (ground two), and why ground six should not be dismissed for failure to state a federal question.  (Doc. No. 19).  In the alternative, the Court afforded Petitioner the opportunity to file a notice to voluntarily dismiss his unexhausted and non-cognizable claims (grounds two and six).

On December 21, 2022, Petitioner filed a "Notice Voluntarily Dismissing Claims Two and Six" signed under penalty of perjury.  (Doc. No. 22).  Petitioner voluntarily dismissed claims two and six, identified respectively as "the claim involving the prejudicial photograph" and "the claim challenging a restitution fine."  (*Id*.).  In an "abundance of caution," Petitioner simultaneously filed an opposition to the Motion to Dismiss, wherein Petitioner reiterated that he "elects to remove the unexhausted claim, claim 2, as well as the restitution claim, claim 6."  (Doc. No. 23 at 5).

The Federal Rules of Civil Procedure may be applied to habeas proceedings to the extent such rules are not inconsistent with the statutory provisions of the Habeas Rules.  Rules Governing Section 2254 Cases in the United States District Court, Rule 12.  *See also*, Fed. R. Civ. P. 81(a)(4).  Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, "the plaintiff may dismiss an action without a court order by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A)(i).  Voluntary dismissal under this rule requires no action on the part of the court and divests the court of jurisdiction upon the filing of the notice of voluntary dismissal.  *See United States v. 475 Martin Lane*, 545 F.3d 1134, 1145 (9th Cir. 2008) (voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) is self-executing and requires no further action by court).  Rule 41(a)(1) has been found to apply in the habeas context where the respondent had not yet filed an answer to the petition.  *See Bhamani v. Apker*, 2018 WL 684896, at *1 (E.D. Cal. Feb. 1, 2018) ("Rule 41(a)(1) has been found to apply in the habeas context where the respondent had not yet filed an answer to the petition." (collecting cases)).

In this case, Respondent has not served either an answer or a motion for summary judgment. Thus, Petitioner's notice of dismissal of his unexhausted claim (ground two) and his non-cognizable claim (ground six) is effective upon its filing and without a court order pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Because Petitioner voluntarily dismisses his unexhausted claim and the amended petition contains only an exhausted claim, the amended petition is no longer a "mixed petition" and subject to dismissal.

Accordingly, it is **ORDERED:**

1. The Court takes judicial notice of Petitioner's notice of dismissal of his unexhausted (ground two) and non-cognizable (grounds six) claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

2. Respondent's Motion to Dismiss (Doc. No. 15) is rendered **MOOT**.

3. Respondent is directed to respond to the remaining exhausted claims on or before **February 7, 2023**.

Dated:   January 6, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE