UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR CABRERA,<br><br>          Petitioner,<br><br>     v.<br><br>O'BRIEN BAILEY,<br><br>          Respondent. | Case No.   1:20-cv-01738-KES-HBK (HC)<br><br>ORDER STRIKING SUPPLEMENTAL PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 52). |

On March 18, 2025, the undersigned submitted Findings and Recommendations that Petitioner Omar Cabrera's Petition for Writ of Habeas Corpus (Doc. No. 1, "Petition) be denied and Petitioner be denied a certificate of appealability. (Doc. No. 47). Of relevance here, the undersigned concluded Petitioner failed to state a claim of ineffective assistance of counsel because the Petition lacked facts to support such a claim. (*Id.* at 37). Petitioner's counsel sought and obtained an extension until April 30, 2025 to file objections. (Doc. Nos. 50, 51). On April 17, 2025, Petitioner submitted a pro se Supplemental Petition for Writ of Habeas Corpus "to add new exhausted 'facts' to Claim Five for Ineffective Assistance of Counsel on his Federal Petition." (Doc. No. 52).

A litigant represented by counsel is not entitled to file documents with the Court on his own behalf. *See United States v. Bosworth*, 468 F. App'x 763, 764 (9th Cir. 2012) ("Because

1

Bosworth is represented by counsel, only counsel may submit filings …."); *United States v. Arceneaux*, No. 2:03-cr-371-MCE-EFB P, 2019 WL 422562, at *1 (E.D. Cal. Feb. 4, 2019) (striking pro se filings when petitioner was represented by counsel); *Vieira v. Wong*, No. 1:05-cv-1492-OWW, 2009 WL 1082335, at *3 (E.D. Cal. April 22, 2009) (concluding that because petitioner's pro se motion did not challenge his legal representation, any argument should be advanced by counsel). This reason alone justifies striking Petitioner's pro se filing.

Further, Petitioner's filing is an attempt to amend the Petition to include additional facts. However, the time to amend as a matter of course has long since expired. *See* Fed. R. Civ. P. 15(a)(1).[1] Thus, Petitioner can amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Petitioner's failure to obtain either leave from the Court or consent from Respondent further justifies striking the supplemental petition.

Accordingly, it is **ORDERED**:

The Clerk of Court shall STRIKE Petitioner's Supplemental Petition (Doc. No. 52) from the record.

Dated:    April 22, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Under Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court, the Federal Rules of Civil Procedure are to be applied to habeas proceedings, to the exten that they are not inconsistent with the habeas statutory provisions and habeas rules.