UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR CABRERA,<br><br>        Petitioner,<br><br>   v.<br><br>MATTHEW McVAY,<br><br>        Respondent. | Case No. 1:20-cv-01738-KES-HBK (HC)<br><br>ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL, ALLOWING PETITIONER TO PROCEED PRO SE, AND EXTENDING DEADLINE TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS[1]<br><br>(Doc. Nos. 58, 60, 62) |

     Petitioner Omar Cabrera ("Petitioner" or "Cabrera") is a state prisoner proceeding with counsel on his Petition for Writ of Habeas Corpus filed under 28 U. S.C. § 2254 on December 9, 2020. (Doc. No. 1, "Petition"). On March 18, 2025, the undersigned submitted Findings and Recommendations that the Petition be denied and Petitioner be denied a certificate of appealability. (Doc. No. 47). Petitioner's counsel sought and received multiple extensions to file objections, and the undersigned set a final deadline of July 2, 2025, for such objections. (*See* Doc. Nos. 50, 51, 54, 55, 56, 57).

     On July 7, 2025, counsel filed a motion for a five-day extension of time to file objections,

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1

as well as the untimely objections. (Doc. Nos. 58, 59). Subsequently, Petitioner filed a pro se motion requesting to represent himself and an extension of time to file objections to the Findings and Recommendations. (Doc. No. 60). Petitioner relies in part on counsel's failure to file timely objections. (*Id.* at 3). Based on Petitioner's pro se motion, counsel moved to withdraw on July 21, 2025. (Doc. No. 61).

Under Local Rule 182(d), "an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court." Any motion seeking to withdraw must describe counsel's efforts to notify their client of their withdrawal and identify for the court their client's last known address. *Id.* Withdrawal is further governed by the Rules of Professional Conduct of the State Bar of California. *Id.* Those rules permit an attorney's withdrawal where it is "unreasonably difficult for the lawyer to carry out the representation effectively." Cal. Rule of Professional Conduct 1.16(b)(4).

Whether to grant or deny a motion to withdraw as counsel is within the court's discretion. *Campbell v. Obayashi Corp.*, 424 F. App'x 657, 658 (9th Cir. 2011); *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). Determining whether to grant a withdrawal of counsel "involves a balancing of the equities," and the court should consider whether there is good cause for the withdrawal, and how the withdrawal will impact other litigants and the ultimate resolution of the case. *McClain v. Am. Credit Resol., Inc.*, No. 18-cv-01599-TLN-AC, 2020 WL 8619963, at *2 (E.D. Cal. Apr. 6, 2020). Granting a withdrawal may be "subject to such appropriate conditions as the Court deems fit." L.R. 182(d).

Here, counsel makes no representations as to any efforts to notify Petitioner of his intent to withdraw. (*See* Doc. Nos. 62, 62-1). However, despite this deficiency, the Court finds good cause to grant counsel's motion to withdraw. Plaintiff's pro se motion makes clear his desire to terminate counsel's representation and proceed pro se. *See* Cal. Rules of Professional Conduct 1.16(a)(4) (mandating withdraw from representation when the client discharges the lawyer). A client's right to discharge his attorney "is absolute." *Fed. Sav. & Loan Ins. Corp. v. Angell, Holmes & Lea*, 838 F.2d 395, 395-96 (9th Cir. 1988) (quoting *Fracasse v. Brent*, 494 P.2d 9 (1972)). Further, the Court finds there will be no adverse impact to the Respondent or

unreasonable delay to the proceedings by allowing the withdrawal.

Accordingly, it is **ORDERED**:

1. Petitioner's motion for self-representation (Doc. No. 60) is GRANTED concerning his request to proceed pro se.
2. Counsel's motion to withdraw (Doc. No. 62) is GRANTED and Attorneys Robert Beles and Paul McCarthy[2] are relieved as counsel of record for Plaintiff.
3. The Clerk of Court shall remove Attorneys Robert Beles and Paul McCarthy as counsel for Petitioner from the docket, update the docket to reflect that Petitioner is proceeding pro se, and update Plaintiff's mailing address on the docket as reflected in Petitioner's pro se filing (Doc. No. 60 at 5).
4. The Clerk of Court shall mail to Petitioner, in addition to this order, a copy of the Findings and Recommendations (Doc. No. 47) and a copy of counsel's objections (Doc. No. 59).
5. Within **thirty (30) days** from receipt of this order, Petitioner may file objections to the Findings and Recommendations, or adopt the objections previously filed by counsel.
6. Counsel's motion for extension of time to file objections is DENIED as moot.

Dated:   July 22, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] While the motion also references Attorney Mike Geisen, Attorney Geisen has not entered an appearance in this action.

3