UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

OMAR CABRERA,

      Petitioner,

      v.

MATTHEW McVAY,

      Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:20-cv-01738-KES-HBK (HC)

ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS IN PART, AND DENYING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND

Doc. 47

Petitioner Omar Cabrera is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 18, 2025, the assigned magistrate judge issued findings and recommendations to deny the petition for writ of habeas corpus.  Doc. 47.  Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  In addition, the parties were "advised that failure to file objections within the specified time may result in the waiver of rights on appeal."  (*Id.* at 39, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

1

After receiving an extension and authorization to proceed pro se, *see* Doc. 63, petitioner filed objections on August 4, 2025.  Doc. 64.  Petitioner argues that the magistrate judge's conclusions as to his claims are debatable such that a certificate of appealability should issue.  *See id.* at 4-7.  But petitioner restates arguments from his petition and does not meaningfully address the magistrate judge's reasoning in the findings and recommendations.  *Id.*  Petitioner also presents a new ineffective assistance of counsel argument based on his federal habeas counsel's failure to amend his petition "to identify the factual support" for his original ineffective assistance of counsel claim in his petition.  *Id.* at 8.  Petitioner requests leave to amend his petition to include these additional facts.  *Id.*

According to 28 U.S.C. § 636(b)(1), this Court performed a de novo review of this case.  Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Under Rule 15(a)(2), a petitioner may amend his pleading only with the opposing party's written consent or the court's leave.  Fed.R.Civ.P. 15(a)(2).  Leave to amend is within the discretion of the district court and should be "freely" granted "when justice so requires".  *See id.*; *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).  The district court may deny such a motion if permitting the amendment would prejudice the opposing party, produce an undue delay in litigation, or result in futility. *Id.; see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  As the findings and recommendations note, petitioner's state habeas petitions appear to allege if "far greater detail" the basis for his ineffective assistance of counsel claims as to trial and state appellate counsel, but the magistrate judge recommended denial of the ineffective assistance of counsel claim as petitioner's counsel had not requested leave to amend his petition to identify factual support for his claims.  Doc. 47 at 37.  Now that petitioner is proceeding pro se, he seeks the opportunity to add the facts for this claim in an amended petition.  Respondent has not filed a response to petitioner's request to amend his petition.  Granting leave to amend would not prejudice respondent, unduly delay litigation, or result in futility.  Thus, the Court grants petitioner's request for leave to amend as to claim (5), his claim for ineffective assistance of counsel.

2

Accordingly,

1. The findings and recommendations issued on March 18, 2025, Doc. 47, are adopted in part.

2. The petition for writ of habeas corpus, Doc. 1, is denied. The petition is denied with leave to amend as to claim 5, petitioner's claim for ineffective assistance of counsel. The petition is denied without leave to amend as to all other claims.

3. Petitioner may file an amended habeas petition as to his ineffective assistance of counsel claim, consistent with this Order, within forty-five (45) days of service of this order. If petitioner fails to timely file an amended habeas petition, this matter will be dismissed without further notice.

4. The matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   February 22, 2026

UNITED STATES DISTRICT JUDGE

3